**UNITED STATES of America, Plaintiff,**

v.

**175.76 ACRES OF LAND, MORE OR LESS, SITUATE IN the COUNTY OF JEFFERSON, STATE OF WEST VIRGINIA, and Robert Stanton Werner, et al., and Unknown Owners, Defendants.**

**Civ. A. No. 80–07–M.**

United States District Court,
N.D. West Virginia.

April 14, 1993.

sion of another."

U.S. Atty., Wheeling, WV, Michael K. Baker and Joy Ryan, Dept. of Justice, Washington, DC, for plaintiff.

R. Edwin Brown, Rockville, MD, Douglas S. Rockwell, Charles Town, WV, for defendants.

MAXWELL, Chief Judge.

### ORDER

Following a lengthy procedural history in the above-styled action, a second Land Condemnation Commission,[1] earlier appointed by this Court, filed its Report concerning the just compensation for the above described tract of land on October 24, 1991. Defendant Werner (landowner), by counsel, filed objections to the Report on November 1, 1991, contesting the just compensation figure determined and reported by the Commission. Plaintiff filed its response to the objections on November 18, 1991. Following submissions by both parties concerning filing of the transcripts of the Commission proceedings, landowner, on March 26, 1992, submitted a supplemental memorandum in support of objections to the Commission Report, to which Plaintiff submitted its response on April 17, 1992. Matters before the Court in the above-styled action are ripe for consideration.

The federal government took, in fee simple, title to the above-described land for uses of and concerning the Appalachian National Scenic Trail. The property is located in the Harpers Ferry District, Jefferson County, West Virginia. The matter was referred, pursuant to Fed.R.Civ.P. 71A, to a three person commission, appointed by this Court, to determine the matter of just compensation. The Commission subsequently filed its Report, which is considered a report of a special master in a non-jury case pursuant to Fed.R.Civ.P. 53(e)(2).

Landowner raises many objections to the Commission Report and this Court's actions which allegedly compromised the Commission's ability to render a just decision. Landowner's chief objection is that the Commission failed to properly consider and include, in their accounting of the highest and best use value, the potential of the above-described land as a location for a ski resort. Landowner claims the decision of the second appointed Commission is erroneous, arbitrary and capricious, and based upon the legally insufficient instructions of this Court.

The standard of review under Rule 53(e)(2) is: "[i]n an action to be tried without a jury, the court shall accept the master's findings of fact unless clearly erroneous." The United States Supreme Court held in *U.S. v. Merz*, 376 U.S. 192, 84 S.Ct. 639, 11 L.Ed.2d 629 (1964), that, in order for the district court to meaningfully review a land commission's report for clear error, the report must be sufficiently detailed as to show the path followed by the commissioners in reaching the amount of their award. *Id.* 376 U.S. at 199, 84 S.Ct. at 643–44.

■ The United States Court of Appeals for the Fourth Circuit decision which reversed and remanded this Court's adoption of the first Commission Report filed in this action, warrants partial quotation:

[t]he primary task of a land commission is to determine the value of the land on the

---

1. On October 6, 1982, this Court appointed a Land Condemnation Commission which filed its Report on June 12, 1985. This Court adopted said Report on November 17, 1988. Landowner appealed the award and, on November 7, 1990, the United States Court of Appeals for the Fourth Circuit reversed and remanded the November 17, 1988 Order on the issue of this Court's earlier denial of landowner's motion to replace one of the Commissioners.

date of taking. As with the factual findings of special masters, factual findings made by a land commission as to the value of the land are reviewable under the clearly erroneous standard. (citations omitted) *U.S. v. Werner,* 916 F.2d 175, 178 (4th Cir. 1990). It is the function of the Commission, not the Court, to weigh questions of the credibility of witnesses or the weight to be given to their testimony. *See U.S. v. 9.20 Acres in Polk County, Iowa,* 638 F.2d 1123 (8th Cir.1981).

Landowners contest the credibility of the certain witnesses and the weight given by the Commission to their testimony. A determination of the credibility of witnesses and the weight to be given to their testimony is not for this Court to decide. *See Merz,* 376 U.S. at 198, 84 S.Ct. at 643. An objective reading of the Commission Report clearly shows the path taken and which line of testimony the Commission relied on and why in arriving at the value of just compensation. The Commission's decision to credit the testimony regarding the value of the property of Plaintiff's expert witness over the testimony of landowner's expert witnesses is not erroneous. The Report is well-grounded on credible evidence which is in the record.

Upon consideration of landowner's objection to the Land Condemnation Commission Report and all other materials made part of the record in this action, it appears the findings in the Report are not erroneous.[2] Review of the Report clearly reveals a reasonable explanation for its findings. Accordingly, it is

**ORDERED** that the Report of the Condemnation Commission be, and the same is hereby, **ACCEPTED, ADOPTED,** and **APPROVED** by the Court. Therefore, it is

**ORDERED** that the just compensation for the interest taken in the above-cited tract of land is **THREE HUNDRED NINETY–FIVE THOUSAND FIVE HUNDRED DOLLARS ($395,500.00).**

If landowner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to subsection (a)(1) of Rule 4, Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $100.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, landowner may, in accordance with the provisions of Rule 24(a), Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

---

2. The Court acknowledges but dispenses with discussion of landowner's objections regarding this Court's Instructions to the Commission. Suffice it to note that the Instructions fully protect, constitutionally, the interests of landowner.